

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PAUL LEWIS, an individual, and all those similarly situated, | ) ) ) | No. 37471-8-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| VERNICE ZANCO, an individual, and FRED ZANCO, an individual, and their marital community, d/b/a ZANCO PROPERTIES, and UNIVERSITY SOUTH AND EAST, LLC., a Washington limited liability company, | ) ) ) ) ) ) ) | PUBLISHED OPINION |
| Respondents. | ) ) | |

PENNELL, C.J. — The Residential Landlord-Tenant Act of 1973 (RLTA),

chapter 59.18 RCW, is a comprehensive statute, intended to regulate landlord-tenant

disputes. When rights and remedies are available to resolve a landlord-tenant dispute

under the RLTA, they operate to the exclusion of more general remedies available under

the Consumer Protection Act (CPA), chapter 19.86 RCW. But not all landlord-tenant

disputes are addressed by the RLTA. When the RLTA's rights and remedies are not at

issue, there is no basis for barring other statutory claims, such as those under the CPA.

Paul Lewis sued his former landlord, Zanco Properties (Zanco), alleging it had violated the CPA by reaching outside the RLTA to impose a state fire code fine. By its very nature, this claim was not covered by the RLTA. As such, it was not subject to dismissal based on the RLTA. The trial court's holding to the contrary is reversed.

FACTS

Paul Lewis started renting an apartment from Zanco in September 2014. He paid a $200.00 security deposit, a nonrefundable $150.00 for carpet cleaning and administrative fees, and $495.00 in monthly rent. The rental agreement noted the smoke detector was functional. It also warned Mr. Lewis it was his responsibility to maintain the smoke detector, and he "could be held liable for a fine of up to $200.00 per RCW 59.18.130(7) and RCW 43.44.110" if he did not fulfill this duty. Clerk's Papers (CP) at 34, 79. This responsibility was listed as one of Zanco's "House Rules of Occupancy." *Id.* at 34, 78. Failure to abide by these rules was "grounds for termination of tenancy." *Id.* at 34, 78-79.

Mr. Lewis moved out of the apartment on July 29, 2016, and Zanco sent him a final bill on August 4. It itemized $699.90 worth of charges, primarily for cleaning services. The largest single charge was a $200.00 fee for the smoke detector, which according to Zanco was "not working." CP at 54, 80. Zanco subtracted one $5.00 overpayment and Mr. Lewis's $200.00 security deposit from these charges, leaving a

2

balance owing of $494.90. Zanco informed Mr. Lewis he had 14 days to pay the charges

before they would be "turned over to collections." *Id*. at 53. Mr. Lewis sent Zanco a letter

disputing the charges on August 18. Zanco responded by sending the unpaid bill to

collections. "Because [Zanco's] third-party collection action threatened Mr. Lewis'[s]

continued housing assistance program support, he capitulated to [its] demand for a

revised payment of $510.00 under protest." *Id*. at 80.

Mr. Lewis sued Zanco and its owners in September 2017. His complaint alleged

Zanco's "unauthorized imposition of administrative agency 'fines' against tenants

constitutes unfair or deceptive conduct" based upon Zanco's imposition of the smoke

detector fine. CP at 7. As relief, Mr. Lewis sought class action certification, a security

deposit refund, declaratory relief regarding the imposition of the smoke detector fine, an

award of triple the smoke detector fine amount, and reasonable attorney fees and costs.

Zanco moved to dismiss Mr. Lewis's claim under CR 12(b)(6), or alternatively,

CR 12(c) and CR 56. It argued Mr. Lewis could not bring a claim related to the RLTA

under the CPA; the complaint was time-barred by a one-year statute of limitation under

RCW 4.16.115; and Zanco had the authority to impose the smoke detector fine as a civil

penalty.

The trial court agreed Mr. Lewis raised "landlord-tenant problems" covered by the RLTA. CP at 80. It posited RCW 59.18.130(7), RCW 59.18.230(3), and RCW 59.18.280 addressed Mr. Lewis's claims. Applying *State v. Schwab*, 103 Wn.2d 542, 693 P.2d 108 (1985), the court concluded "these landlord tenant disputes" did not violate the CPA. *Id*. "Although not a necessary finding based on [the *Schwab*] holding," the trial court also concluded "the assessment of a $200.00 fine under RCW 43.44, *et seq*., is within the purview of the state fire department." *Id*. The court further determined "the statute of limitation present in RCW 4.16.115 is not applicable . . . because Landlord Tenant disputes do not constitute a violation of [or are not] actionable under the CPA." *Id*. at 80-81; *see* 1 Report of Proceedings (Dec. 20, 2019) at 16-17 ("I . . . wouldn't find that the statute of limitations for the penalties would be the appropriate statute of limitations, but again, I'm not sure that matters based upon my ruling [regarding the CPA].").

Mr. Lewis now appeals the trial court's dismissal of his complaint.

ANALYSIS

The issue here is whether Zanco's imposition of a $200 fine for Mr. Lewis's failure to maintain a smoke detector was a dispute falling under the scope of the RLTA. If so, the Supreme Court's holding in *Schwab* would prohibit Mr. Lewis from challenging

4

Zanco's imposition of the fine under the CPA. But if not, the order of dismissal should be reversed.

In *Schwab*, the State claimed the defendant's substandard housing practices constituted an unfair trade practice in violation of the CPA. 103 Wn.2d at 544. The Supreme Court disagreed. The court explained the RLTA was enacted to provide a comprehensive set of "rights, duties and remedies of both landlords and tenants." *Id*. at 551. In contrast, the CPA did not suggest any legislative intent to address the "rental of residential housing." *Id*. at 549. Furthermore, the legislature specifically rejected an amendment to the RLTA that would have explicitly made RLTA violations bases for a CPA claim. *Id*. at 551-52. Given this legislative structure, *Schwab* held violations of the RLTA "do not also constitute violations of the [CPA]." *Id*. at 545.

Although the *Schwab* opinion is not a model of clarity, we do not interpret *Schwab* to hold that all disputes between landlords and tenants must be resolved under the RLTA. Instead, we read *Schwab* to say that when the RLTA provides a set of rights and remedies, those rights and remedies operate to the exclusion of the CPA. This reading is consistent with the brief description of *Schwab* set forth in *Panag v. Farmers Insurance Company of Washington*: "In *Schwab*, this court declined to allow CPA actions based on violations of the [RLTA]. This court considered it inappropriate to extend the CPA to

landlord-tenant disputes in view of the detailed nature of the RLTA, which includes an array of specific remedies." 166 Wn.2d 27, 55 n.12, 204 P.3d 885 (2009).

Zanco does not seriously contest the foregoing understanding of *Schwab*. Instead, Zanco argues its imposition of the $200 fine is governed by the RLTA. As a result, Zanco claims Mr. Lewis's challenges to the fine must be pursued under the RLTA, not the CPA. We disagree with this assessment.

The statutory fine at issue in this case is part of our state's fire protection code, chapter 43.44 RCW, not the RLTA. *See* Former RCW 48.48.140 (1995), *recodified as* RCW 43.44.110 (LAWS OF 2006, ch. 25, § 13). The fire code holds tenants responsible for maintaining smoke detection devices. *See* RCW 48.48.140(3). According to the code, failure to comply with this obligation "shall be punished by a fine of not more than two hundred dollars." Former RCW 43.44.110(4) (2006). At the time of the parties' dispute, the fire code did not explicitly identify the entity responsible for imposing and collecting a smoke detection device fine. The statute now clarifies the authority rests with a city or town's fire department chief, county fire marshal, or other designated county fire official. RCW 43.44.110(5)(b)(i)-(ii).

As Zanco points out, the RLTA makes reference to the fire code's requirement that tenants maintain smoke detection devices. The RLTA imposes on landlords the duty to

6

give tenants written notice of their "responsibility to maintain the smoke detection device in proper operating condition and of penalties for failure to comply with the provisions of RCW 43.44.110(3)." RCW 59.18.060(12)(a). The RLTA also states that one of a tenant's statutory duties is to maintain a smoke detector. RCW 59.18.130(7).

While the RLTA references a tenant's statutory smoke detector duties, the RLTA does not reference smoke detector fines. A landlord's remedies for a tenant's violation of statutory duties (including the duty to maintain a smoke detector) are set forth in detail in the RLTA. Those remedies range from notice of the need to repair to initiation of an unlawful detainer action. Former RCW 59.18.170 (1973); RCW 59.18.180-.190. Nowhere in the RLTA is a landlord authorized to impose a fine. As held by *Schwab*, the remedies set forth in the RLTA are exclusive. Nothing in the RLTA allowed Zanco to reach outside the RLTA for a remedy, such as a fine.

Zanco suggests that regardless of what is generally contemplated by the RLTA, a fine was authorized in Mr. Lewis's case based on his lease agreement and because the RLTA covers disputes over illegal leases. *See* RCW 59.18.230(3). The problem with this argument is Mr. Lewis had no claim that his lease was unlawful. The parties' lease did not purport to authorize Zanco to impose a fire code fine. As contemplated by the RLTA,

7

RCW 59.18.060(12)(a), the lease merely advised Mr. Lewis of his statutory obligation to maintain a smoke detector and the risk of a fine.

In assessing the $200 fire code fine against Mr. Lewis, Zanco reached outside the comprehensive ambit of the RLTA. *Schwab* does not apply in this context. Regardless of whether Mr. Lewis can ultimately succeed on a CPA claim, his suit against Zanco was not governed by the RLTA and should not have been dismissed based on *Schwab*.

## CONCLUSION

The order of dismissal is reversed. This matter is remanded for further proceedings.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.